SIMON S. OTT AND GEORGE E. TEWKSBURY, *Partners as Ott & Tewksbury*, v. ELIZABETH ANDERSON AND M. N. ANDERSON.

No. 695.    (61 Pac. 330.)

1. PROMISSORY NOTE—*Extension of Time—Consideration.* A proposition for an extension of the time for the payment of a note by the payee, to be valid, must be for a valuable consideration, accepted by the payor and relied upon by the payee.

2. PLEADING—*Clerical Error—Waiver.* Where a defendant in his verified answer inadvertently uses the word "mortgage" for "note," and the case is tried without the attention of the pleader or the court having been called to the error, it will be presumed that the inadvertence was waived by the plaintiff.

Ott v. Anderson.

3. NEW TRIAL—*Newly Discovered Evidence—Diligence.* Before a motion for a new trial on the ground of newly discovered evidence will be sustained, it must appear that such evidence could not have been discovered before the trial by the use of reasonable diligence.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 6, 1900. Affirmed.

*Wm. R. Hazen*, for plaintiffs in error.
*David Overmyer*, for defendants in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by Ott & Tewksbury, as plaintiffs, against the defendants, for the recovery of the amount alleged to be due upon a promissory note, and for the foreclosure of a real-estate mortgage. The defendants pleaded and relied upon the statute of limitations. The action was tried before the court and a jury ; the jury returned a verdict for defendants, and the court rendered judgment upon the verdict against the plaintiffs for costs of suit. A motion for a new trial was overruled, and the plaintiffs, as plaintiffs in error, present the record to this court for review.

The plaintiffs in error allege that the court erred in failing to instruct the jury, in rendering judgment against the plaintiffs in error, and in overruling their motion for a new trial.

*First.* The note in suit was executed by Elizabeth Anderson and M. N. Anderson, is dated the 1st day of November, 1887, due five years thereafter, and secured by a mortgage on real estate. The interest payments were evinced by coupons for sixty-four dollars each, payable on the 1st day of November of each

year.   The note, by its terms, matured on the 1st day of November, 1892, and would be barred by the statute of limitations after the 1st day of November, 1897, unless something intervened to take it out of the operation of the statute.   The parties all agreed that there was an interest payment made in 1892.   The plaintiffs in error contend that the payment was made by the defendants delivering to them a horse which they were to sell and apply the proceeds in payment of interest ; that they sold the horse on December 15, 1892, for the sum of sixty dollars, which was credited on the note.   The defendants contend that the horse was delivered to plaintiffs on November 15, 1892, in payment of one of the interest coupons, amounting to sixty-four dollars ; that when the horse was delivered the interest coupon was canceled to them.   This constituted the real contention between the parties at the trial.   Upon this proposition the testimony was oral and conflicting.   The jury found for the defendants. It has been so often decided by the supreme court, and by this court, that a verdict of a jury upon oral conflicting testimony will not be disturbed where there is evidence to support the finding, that it is unnecessary for us further to comment upon this proposition.

*Second.*   It is insisted that for a valuable consideration Ott & Tewksbury agreed in writing that the Andersons should have six months from the 16th of November, 1892, in which to pay interest accrued on the note and the premium on an insurance policy, and that if the payments were so made the agreement should operate as an extension of the indebtedness for the period of three years, and that the court should have so instructed the jury.   This contention is based

upon an instrument in writing introduced in evidence
by the defendants, as follows :

"TOPEKA, KAN., November 16, 1892.
"*M. N. Anderson, Esq., City:*

" DEAR SIR—This is to certify that we will extend
the note and mortgage on your house and lot for
$800 three years from November 1, 1892, at seven per
cent. interest, provided payment of delinquent interest
due November 1, 1891, is made within six months
from date and the premium on insurance policy is
paid, and interest regularly paid as per terms of note
and mortgage.          Yours truly,
                    OTT & TEWKSBURY."

Unfortunately for plaintiffs in error, this writing in
regard to the extension is not available to them in
this action.   It appears the alleged extension was not
pleaded ; that it was executed without any consider-
ation ; that it was not accepted by defendants, and
that plaintiffs themselves never relied upon it.   The
plaintiffs in their petition aver: "That said note be-
came due on the 1st day of November, 1892, and has
ever since remained due and unpaid."   The trial court
committed no error in failing to instruct the jury that
this written memorandum took the note out of the
statute of limitations.

It is next contended that the court erred in refusing
to instruct that the allegations of the execution of the
note and the indorsement on the same had not been de-
nied under oath.   The defendants filed a verified an-
swer containing (1) a general denial, and (2) averments
"that the alleged cause of action set forth in plain-
tiffs' petition accrued more than five years before the
commencement of the suit; that the entry upon the
back of the copy of the mortgage filed with the peti-
tion, which is in words and figures as follows, to wit: .
' Dec. 15th, '92. ($60.00) Sixty Dollars—Paid in full
of interest to date—Nov. 1, '92,' is wholly untrue,

erroneous and false; that no such payment at that date was made, but the last payment made upon the indebtedness was in truth and in fact made on the 15th of November, 1892.''

The defendants inadvertently used the word "mortgage" instead of "note" in their answer; this is apparent even from a casual examination of the answer. The parties in the trial court all treated the pleadings as though defendants had used the word "note" instead of "mortgage." The case was tried upon the theory that the answer put in issue the indorsement upon the note. The court very properly refused to instruct the jury that the allegations of the petition were not denied under oath, for they were, in fact, denied.

*Third.* The only question necessary to discuss upon the action of the court in overruling the motion for a new trial is as to plaintiffs' alleged newly discovered evidence. The plaintiffs were engaged in the real-estate and loan business. They had an office in the city of Topeka; kept a set of books, bookkeeper, and stenographer. The newly discovered evidence is that of John Wuerth, Etta Stauffenberg, and E. S. Greeser. The evidence of Wuerth as set out is all hearsay, and therefore incompetent. Stauffenberg appears to reside in the city of Topeka. She was a stenographer to plaintiffs in November, 1892. Her testimony is corroborative of that offered by the plaintiffs on the trial of the case. Greeser is a resident of the city of Topeka. He was in the employ of plaintiffs prior to November, 1892. The testimony of this witness appears to have little if any bearing upon the issues involved. It in no way contradicts any portion of the testimony of the defendants, nor is it decisive of any question raised in the trial of the case.

There is an entire lack of any showing of diligence
to procure this testimony. It appears that all of the
newly discovered evidence could have been had with
the exercise of ordinary diligence before the trial.
The motion for a new trial was properly overruled.

The judgment is affirmed.